**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:06CR467-DJS |
| ) | |
| **VINCENT PAM,** ) | |
| ) | |
| Defendant. ) | |

<u>ORDER</u>

Defendant Vincent Pam pled guilty before this Court to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). On February 2, 2007, the Court sentenced Pam to 45 months' imprisonment, to be followed by a two-year term of supervised release. Pam was subsequently sentenced in state court upon his conviction there for Unlawful Use of a Weapon, and now continues his efforts to have the two sentences run concurrently. <u>See</u> Doc. #39, #40, #41, #42 and #43.

Acting pro se, defendant has filed a motion seeking certain relief concerning the sentence imposed by this Court. Pam asserts in the instant motion that, "[t]he Court, in imposing the sentence, ordered the sentence to be served consecutively to any state sentence the defendant might receive in an unrelated state case then pending in St. Louis County Circuit Court[.]" Motion [Doc. #45], pp.1-2. This contention is incorrect. The Judgment

[Doc. #37] does not address Pam's prospective sentencing by the state court, and is silent on the issue whether the sentence imposed by this Court run consecutive to or concurrent with any such sentence.

Pam's motion raises the question whether a federal district court has authority to direct that its sentence run concurrent with or consecutive to a state sentence not yet imposed. There appears to exist a circuit split among the federal Courts of Appeals on that question, with the Eighth Circuit having found that a district court's broad discretion encompasses such authority. See, e.g., United States v. Hayes, 535 F.3d 907, 909-910 (8th Cir. 2008); United States v. Mayotte, 249 F.3d 797, 798-99 (8th Cir. 2001). The facts of this case do not pose that question, however, because in sentencing defendant, the Court made no order on the issue of consecutive versus concurrent sentences. On this basis alone, defendant's motion can be, and is, denied.

Because the merits of the motion are so readily resolved in the manner indicated above, the Court sidesteps the potentially threshold issues of the proper procedural basis (if any) for defendant's motion, and whether the motion is properly filed, as it has been here, within the closed criminal case, or whether it constitutes a new and separate civil action under 28 U.S.C. §2255. Assuming without deciding that the issue can be raised as it has been here, the Court denies relief. The Court did not address the question of concurrent or consecutive sentences prospectively at

the time of sentencing, and is not persuaded to do so retrospectively, almost two years after the imposition of sentence.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's pro se "Motion to Correct Sentence Pursuant to 28 U.S.C. §2255, or, in the Alternative, for the District Court to Exercise it's (sic) Inherent Authority, Either by Virtue of 28 U.S.C. §2241 or 28 U.S.C. §1651 [Better Known as the 'All Writs Act'], to Correct Miscarriage of Justice in Order that Justice May Be Achieved" [Doc. #45] is denied.

Dated this ___26th___ day of January, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE